USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MIODRAG BELJAKOVIC,                                       :
                                                         :
                              Petitioner,                :
                                                         :          04 Civ. 3694 (JMF)
        -v-                                              :
                                                         :          MEMORANDUM
MELOHN PROPERTIES, INC.,                                 :          OPINION AND
                                                         :          ORDER
                              Respondent.                :
                                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        *Pro se* petitioner Miodrag Beljakovic petitions this Court to vacate a final arbitration

award ("Award") rendered by Arbitrator Earl R. Pfeffer on April 2, 2012, in favor of

Beljakovic's former employer, Respondent Melohn Properties, Inc. ("MPI").  (Docket No. 85).

Beljakovic contends that the arbitrator was unfairly biased against him and overlooked

fraudulent testimony that was offered during the arbitration.  MPI cross-petitions to confirm the

Award.  (Docket No. 93).  For the reasons discussed below, Beljakovic's petition is DENIED

and MPI's cross-petition is GRANTED.

## BACKGROUND

        From 1985 until 2008, Beljakovic was employed by MPI as a doorman at a residential

property located in New York City.  At all times relevant to this petition, Petitioner was a

member of Local 32BJ, Service Employees International Union ("the Union"), and Respondent

was a member of the Realty Advisory Board on Labor Relations, Inc. ("RAB"), a multi-

employer bargaining association representing employers in the building service industry.  The

terms of Beljakovic's employment were governed by successive collective bargaining

agreements ("CBAs") between the Union and RAB, which provided that certain disputes

between the parties would be submitted to arbitration.  (*See* Weinberg Cert. Ex. C at 88-89; Ex. D at Art. VI).[1]

After several unsuccessful complaints filed with the New York State Division of Human Rights, Beljakovic commenced this federal action on May 14, 2004, alleging that MPI had discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act, 42 U.S.C. § 621 (2006) ("ADEA").  In March 2005, MPI moved to compel arbitration of Beljakovic's claims, and after a number of appeals not relevant to the instant petitions, the Honorable Richard J. Holwell, United States District Judge, who was then presiding over this matter, granted MPI's motion on May 12, 2009.  (Docket No. 72).

Pursuant to the terms of the relevant CBA (*see* Weinberg Cert. Ex. C at 88-89), Arbitrator Pfeffer was selected to serve as the arbitrator.  After receiving multiple submissions from the parties containing sworn testimony and exhibits (*see id.* Ex. F), the arbitrator conducted two days of hearings on November 24, 2010, and March 23, 2011, during which Petitioner called four witnesses.  After the second hearing, Petitioner was granted additional time to determine whether he wished to call additional witnesses or offer additional evidence, but he ultimately opted to

---

[1]     Paragraph 23 of the 2006 CBA provides:

There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sexual orientation, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. Section 1981, Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code, or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

(Weinberg Cert. Ex. C at 88-89).

leave the record as it stood.  MPI did not call any witnesses, but both parties submitted post-hearing briefs.  (*See id.* Ex. B at 7).

On April 2, 2012, Arbitrator Pfeffer issued a twenty-seven page Opinion and Award, finding that "in the scores of pages of testimony and argument [Beljakovic] submitted, he does not draw a connection between his age and any wrongful acts by Defendant or its agents" (*id.* at 9), and concluding that MPI "did not discriminate against [Beljakovic] in violation of the ADEA, the NYSHRL or any similar law, rule or regulation . . . ."  (*Id.* at 27).

On June 4, 2012, Beljakovic filed this petition, asserting that the "principal reason" that the Court should vacate the Award is "a conflict of interests."  (Pet. to Vacate at 1).  By order dated June 11, 2011, the Court instructed Petitioner to file and serve any additional materials with which he intended to support his petition to vacate.  (Docket No. 86).  Petitioner did not file any additional materials.  On August 13, 2012, Respondent filed its opposition to Petitioner's motion to vacate, and made a cross-motion to confirm the award.  (Docket No. 93).[2]

## DISCUSSION

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, grants federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization," including petitions to confirm labor arbitration awards.  29 U.S.C. § 185(a).  Because Section 301 does not establish a particular procedure for confirming arbitration awards, courts draw upon the procedures set forth in the Federal Arbitration Act ("FAA").  *See, e.g., HRH Constr., LLC v. Local No.1, Int'l Union of Elevator Constructors, AFL-CIO*, No. 03 Civ. 8944 (DC), 2005 WL 31948, at *4 (S.D.N.Y. Jan. 5, 2005) (collecting cases).

---

[2]     On April 25, 2012, Beljakovic filed a "Motion to Set the Date for a Trial in Federal Court," challenging the Award.  (Docket No. 101 ("Mot. to Set Date")).  The Court has considered the materials in that submission to the extent that they are relevant to the instant petitions.

The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012) (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007)). Section 10 of the FAA establishes four instances in which a court may vacate an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[3] Consistent with federal policy favoring arbitration, these vacatur provisions are "to be accorded the narrowest of readings." *Employers' Surplus Lines Ins. Co. v. Global Reinsurance Corp.-U.S. Branch*, No. 07 Civ. 2521 (HB), 2008 WL 337317, *3 (S.D.N.Y. Feb. 6, 2008) (quotation omitted); *see also Hall St., Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (noting that the four statutory grounds for vacatur address "egregious departures from the parties' agreed-upon arbitration" and emphasize "extreme arbitral conduct" or impropriety). Construed liberally, Petitioner's allegations here focus only on the first two grounds for vacatur.

---

[3]    In addition, some courts have held that a court may vacate an award "if [it] find[s] a panel has acted in manifest disregard of the law." *Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 139 (2d Cir. 2007); *but see STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (noting "skepticism about the validity of [the] 'manifest disregard' doctrine in light of recent Supreme Court precedent," but finding that the respondent had failed to meet it). This basis for vacatur is not relevant here, however, as Petitioner has failed to demonstrate a manifest disregard of the law.

## A. Conflict of Interest and Bias

Under Section 10(a)(2), "'evident partiality' . . . will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite Constr. Corp. v. N.Y.C. Dist. Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d Cir. 1984). Under this standard, "the interest or bias [of the arbitrator] . . . must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Sanford Home for Adults v. Local 6, IFHP*, 665 F. Supp. 312, 320 (S.D.N.Y. 1987) (citation omitted); *see also Mandell v. Reeve*, Nos. 10 Civ. 6530 (RJS), 10 Civ. 7389 (RJS), 2011 WL 4585248, at *9 (S.D.N.Y. Oct. 4, 2011) (same). The burden of proof rests on the party raising the claim of bias. *Scandinavian Reinsurance*, 668 F.3d at 72 (applying "evident partiality" standard to claim of "conflict of interest").

In the present case, Petitioner contends that the Award should be vacated because "a number of irregularities occurred in the [arbitration]," due to "the conflict of interest." (Pet. to Vacate at 1). To the extent that Petitioner alleges that Arbitrator Pfeffer was biased against him, his claim fails, as he offers no evidence of Arbitrator Pfeffer's bias, partiality, or corruption beyond conclusory statements and speculation.[4] First, Petitioner argues that the arbitrator consistently ruled in favor of MPI when Petitioner was questioning the witnesses, "so that he was not able to extract any admission from them" (*id.* at 2); however, "[b]ias is not even established by showing that an arbitrator consistently agrees with the arguments of one side and repeatedly finds in their favor." *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 260 (S.D.N.Y. 2000) (citation

---

[4]    To the extent that Petitioner grounds his conflict-of-interest claim in the fact that RAB submitted an amicus brief in support of MPI's motion to compel arbitration, this claim is entirely without merit and does not constitute grounds on which to vacate the arbitrator's Award. *Cf. Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) ("A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case.").

omitted); *see also Scandinavian Reinsurance*, 668 F.3d at 75 (noting that an adverse ruling alone "rarely evidence[s] partiality" and collecting cases). Petitioner also alleges that the arbitrator did not give sufficient weight to the evidence Petitioner offered and the allegations he made. (Pet. to Vacate at 2). Yet the law is clear that "disagreeing with the [arbitrator]'s assessment of the evidence and [his] conclusions is not sufficient to vacate an arbitration award." *Polin*, 103 F. Supp. 2d at 262; *see also AmeriCredit Fin. Servs., Inc. v. Oxford Mgmt. Servs.*, 627 F. Supp. 2d 85, 101 (E.D.N.Y. 2008) (denying petition to vacate where party disagreed with weight arbitrator accorded the evidence).

Finally, Petitioner alleges that the arbitrator "[o]verlooked" his *pro se* status. (Mot. to Set Date at 3). This does not appear to be a ground on which to vacate the Award, *see Mandell*, 2011 WL 4585248, at *9 (denying petition to vacate arbitral award when petitioner alleged that "as a *pro se* litigant, he was deprived of the right to meaningfully participate in the arbitration"), and, in any event, the record belies this contention. In recognition of Petitioner's *pro se* status, Arbitrator Pfeffer gave Petitioner extra opportunities to raise any procedural or legal issue that he wished, stated on the record that he was prepared to adjourn the hearing so that Petitioner could obtain counsel or seek guidance from an attorney as to how to properly ask questions, and granted Petitioner the opportunity to present additional evidence and witnesses at the close of the hearing. (*See* Weinberg Cert. Ex. G at 30, 41-42).[5]

In light of the foregoing, Petitioner has not stated grounds to vacate the Award under Section 10(a)(2).

---

[5] Petitioner also notes that he did not participate in the selection of the arbitrator, but this fact does not support his contention of bias, as Arbitrator Pfeffer is one of the mutually agreed-upon arbitrators selected in the 2006 CBA. (*See* Weinberg Cert. Ex. C at 18). Moreover, Petitioner concedes that he was given the opportunity to express his preference as to which arbitrator was chosen, but he declined to do so. (Mot. to Set Date at 2).

**B. Fraud**

Petitioner also alleges that the arbitrator overlooked perjured testimony that was offered at the arbitration. (*See* Mot. to Set Date at 3-4). "To vacate an arbitration award on the basis of fraud, the challenging party must show [by clear and convincing evidence] that there was a fraud, that it could not have been discovered using due diligence during the arbitration proceedings and that there was a material relation between the fraud and the award." *Finkelstein v. v. UBS Global Asset Mgmt. (US) Inc.*, No. 11 Civ. 356 (GBD), 2011 WL 3586437, at \*8 (S.D.N.Y. Aug. 9, 2011) (alteration in original; quotation omitted). "The purpose of requiring fraud to be 'newly discovered' before vacating an arbitration award on that ground is 'to avoid reexamination, by the courts, of credibility matters which either could have been or were in fact called into question during the course of the arbitration proceedings.'" *Hakala v. Deutsche Bank AG*, No. 01 Civ. 3366 (MGC), 2004 WL 1057788, at \*3 (S.D.N.Y. May 11, 2004) (internal quotation marks omitted).[6]

To the extent that Petitioner alleges that the Award was based on perjured testimony, he had ample opportunity to present that argument to the arbitrator, and he asserts no new evidence here. *See Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at \*3 (S.D.N.Y. Dec. 21, 2011) (holding that party alleging fraud based on perjured testimony "must first show that he could not have discovered it during the arbitration, else he should have invoked it as a defense at that time"); *Hakala*, 2004 WL 1057788, at \*3 ("[Petitioner] had the opportunity to present to the arbitrators evidence of this alleged fraudulent behavior of respondents. . . .

---

[6]     "A fraud claim requires a plaintiff to demonstrate (1) a misrepresentation or material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury." *Finkelstein*, 2011 WL 3586437, at \*8 n.11 (citations omitted).

Accordingly, [petitioner] may not now seek review of those issues in this court.").  As Petitioner

fails to state a claim of "fraud" under Section 10(a)(1), his motion to vacate is denied.

## C.  Motion to Confirm the Arbitration Award

"Upon the denial of a motion for vacatur, the Court must confirm an arbitration award."

*AmeriCredit Fin. Servs., Inc.*, 627 F. Supp. 2d at 102; *see also* 9 U.S.C. § 9 ("[T]he court must

grant [an order seeking confirmation] unless the award is vacated, modified, or corrected.").

"The arbitrator's rationale for an award need not be explained, and the award should be

confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.

Only a barely colorable justification for the outcome reached by the arbitrator[ ] is necessary to

confirm the award."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)

(internal quotation marks and citations omitted); *see also STMicroelectronics, N.V. v. Credit

Suisse Secs. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011).  Here, MPI's motion to confirm the

Award should be granted, as the Court finds no grounds on which the Award should be vacated.

## CONCLUSION

For the reasons discussed above, Petitioner's petition to vacate the Award is DENIED

(Docket No. 85), and Respondent's cross-petition to confirm the Award is GRANTED (Docket

No. 93).  The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order

to Petitioner, to enter judgment in Respondent's favor, and to close this case.

SO ORDERED.

Dated: November 7, 2012
       New York, New York

_____
JESSE M. FURMAN
United States District Judge